IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CATHERINE McARDLE**
38 Windbrooke Circle
Gaithersburg, MD 20879

    Plaintiff

    v.                                                       **Case Number:**

**PASSION FOOD HOSPITALITY,**
**LLC d/b/a ACADIANA RESTAURANT**

Resident Agent:
    Brett D. Orlove
    Suite #675
    2000 L Street NW
    Washington, DC 20036-0000

    Defendant      :

## COMPLAINT

COMES NOW Catherine McArdle ("Plaintiff"), by and through undersigned counsel, and brings this suit against Passion Food Hospitality, LLC d/b/a Acadiana Restaurant ("Defendant"), and for grounds states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a natural person who currently resides in Montgomery County Maryland and, at all times relevant to the allegations of this Complaint, was employed by the Defendant in the District of Columbia at the Acadiana Restaurant.

2. The Defendant is incorporated in the District of Columbia with a principal place of business in the District of Columbia and a resident agent in the District of Columbia.

3. The Plaintiff brings suit against the Defendant for unpaid overtime in violation of the Fair

Labor Standards Act ("FLSA") and DC Code 32-1001 *et seq.*

4. Pursuant to the preceding, this Court has proper personal jurisdiction over the Defendant, proper subject matter jurisdiction pursuant to 29 U.S.C. § 216(b), 28 U.S.C. 1331, and 28 U.S.C. 1367, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

5. The Plaintiff commenced employment with the Defendant on August 11, 2011 as the Pastry Chef for the Acadiana Restaurant.

6. The Acadiana Restaurant, located at 901 New York Avenue, N.W., Washington D.C., is a restaurant which features New Orleans style cuisine.

7. The Acadenia Restaurant is one of 8 restaurants currently owned by the Defendant.
The kitchen (or back of the house) of the Acadiana Restaurant is managed by the Executive Chef.

8. Throughout her tenure of employment, the Plaintiff reported directly to Executive Chef.

9. The Plaintiff's last day of work with the Defendant was on October 22, 2013.

10. The Plaintiff worked every calendar week during the period of November 11, 2011 through October 22, 2013 ("claimed period") except for 1 week in August of 2013 in which the restaurant was closed for most of the week due to renovations.

11. For each calendar week worked during the claimed period, the Plaintiff was scheduled for and worked at least 5 days.

12. The 5 scheduled days of each work week varied to some degree depending upon holidays and other circumstances. The schedule of days to be worked for each calendar week was posted by the Executive Chef during the weekend prior to the beginning of the next calendar week.

13. The Plaintiff typically worked 12 hours/day. Generally, the Plaintiff would arrive at work somewhere between 7:00 –8:00 am and depart from work somewhere between 7:00 and 8:00 pm.

14. In addition to her typical hours, the Plaintiff also worked additional hours during "restaurant weeks." During the claimed period, the Plaintiff worked 4 different "restaurant weeks." During the "restaurant weeks," the Plaintiff worked, on average, 18 hours/day for at least 4 of the 5 days she worked during the restaurant week.

15. In addition to her typical hours, the Plaintiff also worked additional hours during the weeks in which Christmas, Thanksgiving, and New Years Day fell. The Plaintiff worked, on average, 18 hours/day for 5 days each year as a result of these holidays.

16. In addition to her typical hours, the Plaintiff also worked additional hours during the days in which the Defendant was providing food services to an outside convention. The Plaintiff worked, on average, 18 hours/day during these convention days. The number of conventions which the Plaintiff worked during the claimed period is information which can only be obtained through discovery.

17. With the exception of some short breaks (less than 10–15 minutes), the Plaintiff worked continuously throughout her work day.

18. The Defendant did not maintain any records of the hours which the Plaintiff worked.

19. The Defendant had full knowledge of the hours which the Plaintiff worked during the claimed period as, among other things, the Plaintiff had discussions about her hours with the Executive Chef.

20. At no time did the Defendant prohibit the Plaintiff from working the hours which she was working.

21. The Plaintiff's starting salary was $45,000.00/year (or $865.38/week).

22. The Plaintiff's salary was increased to $48,000.00/year (or $923.08/week) effective February 18, 2013.

23. At no time during the claimed period was the Plaintiff paid any additional monies for the overtime she worked.

24. Pursuant to the preceding paragraphs. Plaintiff estimates that she worked 2,200 hours of overtime during the claimed period. The Plaintiff will be able to provide a more exact number of the overtime hours she worked following the completion of discovery. However, based upon this estimated number, the Plaintiff is claiming up to $72,980.00 in unpaid overtime.

## COUNT I

### Violations of the Fair Labor Standards Act: Unpaid Overtime

25. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

26. The Defendant violated 29 U.S.C. § 207 by failing to properly pay the Plaintiff overtime during the claimed period.

27. Throughout the claimed period, the Plaintiff was in an employer/employee relationship with the Defendant and qualified as an "Employee" pursuant to 29 U.S.C. § 203(e)(1).

28. Throughout the claimed period, the Defendant qualified as an "employer" pursuant to 29 U.S.C. § 203(d) and as an "enterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. § 203(s).

29. The Defendant's failure to pay overtime to the Plaintiff was done deliberately, wilfully, and in direct violation of the statutory requirements.

WHEREFORE, the Plaintiff demands judgment against the Defendant for unpaid

overtime during the claimed period, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

## COUNT II
### Violations of D.C. Code 32-1001 *et seq.* - Unpaid Overtime

30. The Plaintiff asserts and realleges each and every allegation made in the preceding paragraphs as if fully set forth herein.

31. The Defendant violated D.C. Code 32-1001 *et seq.* by failing to properly pay the Plaintiff overtime during the claimed period.

32. Throughout the claimed period, the Plaintiff was in an employer/employee relationship with the Defendant and qualified as an "Employee" pursuant to D.C. Code §32-1002(2).

33. Throughout the claimed period, the Defendant qualified as an "employer" pursuant to D.C. Code §32-1002(3).

34. The Defendant's failure to pay overtime to the Plaintiff was done deliberately, wilfully, and in direct violation of the statutory requirements.

WHEREFORE, the Plaintiff demands judgment against the Defendants for unpaid overtime during the claimed period, liquidated damages in an amount equal to the unpaid overtime, prejudgment interest on the unpaid overtime, reasonable attorney's fees and costs, and such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

SULLIVAN, TALBOTT & BATT

By: _____
Mitchell I. Batt, Bar No. 12002
Attorney for Plaintiffs
77 S. Washington Street
Suite 304
Rockville, Maryland 20850
(301) 340-2450 x13